# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| WCR, INCORPORATED, | Case No. 3:18-cv-00278 |
| Plaintiff, | 3:20-cv-00143 |
| vs. | District Judge Michael J. Newman |
| | Magistrate Judge Sharon L. Ovington |
| WESTERN CANADA PLATE EXCHANGER, LTD., et al., | |
| Defendants. | |

## ORDER

In 2018, Plaintiff WCR, Incorporated brought a breach-of-contract case against Defendant Western Canada Plate Exchanger, Ltd. (Western Canada Plate). *WCR v. Western Canada Plate*, 3:18cv00278. During discovery, WCR learned that Western Canada Plate's President, Earl Strohschein, allegedly used another similarly named company—Western Canada Heat Exchanger, Ltd. (Western Canada Heat)—to funnel business (and, hence, money) away from WCR. This, in WCR's view, constituted fraud and breach of WCR's contract with Western Canada Plate, and unjustly enriched Western Canada Heat. WCR therefore brought a second case in this Court, *WCR v. Western Canada Heat*, 3:20cv00143. The Court recently consolidated WCR's two cases.

The cases are before the Court upon WCR's Motion to Compel (Doc. No. 36), Western Canada Plate's Memorandum in Opposition (Doc. No. 39), and WCR's Reply (Doc. No. 43). WCR seeks an order accomplishing three goals: (1) requiring Western Canada Plate's representative to appear for a remote-video deposition pursuant to Fed. R.

Civ. P. 30(b)(6); (2) ordering Western Canada Plate to provide complete answers to WCR's Requests for Admission; and (3) ordering Western Canada Plate to provide complete answers to WCR's Interrogatories.

As will be seen, the solutions to the parties' present discovery disputes are practical.

I.  **Remote-Video Deposition**

Western Canada Plate does not object to proceeding by remote video with the deposition of its Rule 30(b)(6) witness. (Doc. No. 39, PageID 358). It instead contends that it has the right to have its counsel present in Canada during the deposition of its Rule 30(b)(6) witness, and its counsel needs the opportunity to prepare him or her in person for the deposition. Western Canada Plate emphasizes, "as a foreign Canadian company … being subjected to suit in the United States of American [sic] … it should have the right to have its United States counsel present at its deposition, especially where, presumably, WCR will have its counsel present at its 30(b)(6) deposition." *Id*. at 359.

WRC argues that Western Canada Plate does not have an absolute right to have its counsel present in Canada during the video deposition.

"The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The COVID-19 pandemic and its serious health risks, including the risk of death, heavily favor minimizing in-person contacts and travel, both domestic and international. Reality—well documented by science and statistics—continues to show that "[t]he COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality

2

rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). Tragically, as of today, the number of deaths from COVID-19 in the United States exceeds 302,000; in Canada over 13,600; and worldwide over 1.6 million, with no determinable end date in sight. JOHNS HOPKINS UNIV. MED., Coronavirus Resource Ctr., https://coronavirus.jhu.edu (last visited Dec. 15, 2020). Although the recently available vaccine provides room for long-term optimism, the pandemic continues unabated in the short term.

In light of this harsh reality, the Court and the parties face many new challenges to case administration that demand practical solutions. The parties' present dispute over the video deposition of Western Canada Plate's Rule 30(b)(6) witness is one such challenge. The practical solution is that the deposition must occur in Canada by remote video. "[D]uring the current pandemic, '[v]ideo or teleconference depositions and preparation are the 'new normal' and most likely will be for some time. Litigation cannot just come to an indefinite halt.'" *Damron v. Liberty Mutual Ins. Co.*, 2020 WL 3071850, at *1 (E.D. Mich. 2020) (quoting *Wilkens v. ValueHealth, LLC*, No. 19-1193-EFM-KGG, 2020 WL 2496001, at *2 (D. Kan. May 14, 2020) (additional citation omitted)).

But must Western Canada Plate's counsel be present during the remote video deposition? Western Canada Plate says "yes," contending that it has an absolute right to have its counsel present. WCR says there is no such absolute right. WCR is correct because of the present circumstances the COVID-19 pandemic has created. If the Court

3

were to recognize that Western Canada Plate has an absolute right to have its counsel present in Canada during the deposition, two possible results could emerge: (1) Counsel would be required to travel to Canada to be present at the deposition, thus risking her own health, further community spread of the disease, and the possibility of her lengthy quarantine in Canada; or (2) these cases would essentially grind to a halt while everyone waits for the pandemic to subside so that counsel can be present at the deposition. Neither result is acceptable.

The practical solution is that the deposition must go forward by remote video in the near future with or without Western Canada Plate's counsel present in Canada. To find otherwise would halt meaningful progress towards resolution of this case (whether by motion, mediation, or trial) and could lead to evidence becoming stale as memory inevitably fails. Given the technology now available, there is no significant difference between defense counsel sitting next to her client in the same room or by video. When warranted, counsel and her client can separately and privately confer during the deposition through a separate Zoom channel or via FaceTime.

To support its contention that it has an absolute right to have its counsel present during the deposition of its Rule 30(b)(6) witness, Western Canada Plate relies on a pre-COVID-19 pandemic case, *Redmond v. Poseidon Pers. Servs., S.A.*, No. CIV.A. 09-2671, 2009 WL 3486385, at *3 (E.D. La. 2009). *Redmond* states, "Denying [the corporation] the opportunity to have its attorney present during the Rule 30(b)(6) deposition would inhibit defense counsels' duty to effectively and competently represent their foreign clients." *Redmond,* however, offers no explanation of whether or why this is always true

4

or why a remote defense of a video deposition will always deprive a party of effective and competent legal representation. Moreover, *Redmond* is not controlling authority in this Court and, given its lack of reasoning, is not strong authority—especially during the ongoing pandemic—for finding that a party has an absolute right to have its counsel present during a video deposition of its Rule 30(b)(6) witness. *See Damron*, 2020 WL 3071850, at *1 ("[D]uring the current pandemic, '[v]ideo or teleconference depositions and preparation are the 'new normal' and most likely will be for some time. Litigation cannot just come to an indefinite halt.'" (citation omitted)).

Western Canada Plate's counsel insists that she needs to prepare its Rule 30(b)(6) witness in person. This is surely preferable, but it is not a sufficient reason to further delay these cases in light of the pandemic. The undersigned Judicial Officer agrees with the following cogent comments in a recent decision by a U.S. Magistrate Judge in Illinois:

> The Court is not blind to nor is it ignoring the very real challenges involved in conducting remote video depositions in a case like this with so many parties and lawyers. But unless the Court is going to stay all depositions that cannot proceed by agreement (whether in-person or remotely) until there is a cure or a vaccine for COVID-19, or something approaching so-called herd immunity, which it is unwilling to do on a blanket basis, the parties and their counsel are going to have to have to adapt, make some choices, be creative, and compromise in this and every other case in which they are involved during this time without modern precedent.

*In re Broiler Chicken Antitrust Litig.*, No.1:16-cv-08637, 2020 WL 3469166, at *5 (N.D. Ill. 2020) (Gilbert, M.J.).

All of the above does not prevent Western Canada Plate's counsel from travelling to Canada to be present at the remote-video deposition of its Rule 30(b)(6) witness.

5

Western Canada Plate's counsel retains the option either to travel to Canada to be present at the video deposition of her client's Rule 30(b)(6) witness or to remotely defend the video deposition.

Western Canada Plate also asks the Court to order depositions to proceed remotely as to the Canadian parties and all Canadian fact witnesses. For the reasons stated above, this request is sensible and practical.

## II.    Requests for Admissions and Interrogatories

WCR seeks an order requiring Western Canada Plate to respond to its requests for information known to, in the possession or control of, or readily available to Western Canada Plate and its President Earl Strohschein. WCR asked Western Canada Plate for this information in its Requests for Admission Nos. 2, 5-13, 17-20, and 22, as well as Interrogatory Nos. 21 and 22.

Western Canada Plate argues that it cannot admit or deny these Requests for Admission or answer these Interrogatories because WCR seeks information from non-parties (Strohschein, Western Canada Heat, and Salarix) to its original breach-of-contract case against Western Canada Plate. Consolidation, however, has changed the status of Western Canada Heat and Strohschein: They are now parties in the cases WCR has brought. Salarix is not a party in either case.

Western Canada Plate further contends that it is a company separate from Western Canada Heat and Salarix and cannot answer on their behalf. As a factual matter, it is an issue in the case whether Western Canada Plate and Western Canada Heat are truly separate companies. WCR contends that they are not and that Strohschein intermingled

them to evade Western Canada Plate's contractual duties and to commit fraud. WCR therefore insists that Western Canada Plate can respond to the substance of the Requests for Admission and Interrogatories about Western Canada Plate, Salarix, and Strohschein.

      Western Canada Plate overlooks the strong connection Strohschein has with both Western Canada Plate and Western Canada Heat. In Strohschein's sworn Declaration (submitted previously in this case), he stated that he is the President of Western Canada Plate. (3:18cv278, Doc. No. 14, PageID 104; *see* Doc. No. 36, PageID 315-16). He stated in another sworn Declaration (in the consolidated case) that he is "an officer" of Western Canada Heat. (3:20cv143, Doc. No. 15, PageID 93).

      WCR correctly recognizes that business entities, corporations and the like, "of course, are artificial persons, and as such they can act only through human agents. The officers of a corporation are its agents for many purposes, and where an agent acts within the course and scope of his employment, his actions are generally imputed to the corporation." *Diamond Club v. Insurance Co. of N. Am.*, No. 91-3277, 1993 WL 170964, at *4 (6th Cir. 1993). Strohschein's positions as President of Western Canada Plate and an officer of Western Canada Heat place him in this position.

      Yet, now that consolidation has drawn in both Strohschein and Western Canada Heat as Defendants, the parties face much different circumstances than when Western Canada Plate received WCR's Requests for Admission and Interrogatories. What began as objections to discovery in a single case have become central issues in the consolidated cases concerning whether Western Canada Plate and Western Canada Heat are truly separate companies or whether Strohschein intermingled them as part of a scheme to

defraud WCR. This means that Western Canada Plate is either a primary or a secondary source of the information WCR seeks in its Requests for Admission and Interrogatories. If, on the one hand, Western Canada Plate has been intermingled as WCR alleges, then it is a primary source of at least some information about Western Canada Heat. If, on the other hand, Western Canada Plate is a company truly separate from Western Canada Heat, then it is a secondary source of information about Western Canada Heat. Because of this, the utility of WCR's Requests for Admission and Interrogatories directed solely to Western Canada Plate has become questionable. And, now that Western Canada Heat and Strohschein are parties to the case, they are better sources for the information WCR seeks about them. The solution again is practical: Rather than requiring Western Canada Plate to further respond to WCR's Requests for Admission and Interrogatories, depositions of both companies and Strohschein will target the primary sources of the information. *Cf. Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) ("Requests for admissions are not a general discovery device."); *Khami v. Ortho–McNeil–Janssen Pharm., Inc.*, 2011 WL 996781 at *2 (E.D. Mich. 2011) (Rule 36's "proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." (other citation omitted)); Wright, Miller, & Marcus, Federal Practice & Procedure, § 2253 (3d Ed. 2010) ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." (other citations omitted)).

    Lastly, in the event the parties have exhausted their extrajudicial means for

resolving any future discovery issues without resolution, they are encouraged to contact the undersigned Judicial Officer's Courtroom Deputy to schedule an informal telephone conference before filing additional discovery motions.  *See* S.D. Ohio Civ. R. 37.1.

## IT IS THEREFORE ORDERED THAT:

1. WCR's Motion to Compel (Doc. No. 36) is granted, in part, and the parties shall proceed with the remote video depositions of witnesses who reside in Canada; and

2. WCR's Motion to Compel (Doc. No. 36) is denied in remaining part.


December 16, 2020                           *s/Sharon L. Ovington*
                                            Sharon L. Ovington
                                            United States Magistrate Judge