UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WCR, INCORPORATED,

    Plaintiff,

vs.

WESTERN CANADA PLATE
EXCHANGER LTD., *et al.*,

    Defendants.

Case No. 3:18-cv-278
Consolidated with: 3:20-cv-143

District Judge Michael J. Newman
Magistrate Judge Sharon L. Ovington

_____

**ORDER**
_____

This civil case is before the Court on a motion by Defendants Earl Strohschein and Western Canada Heat Exchanger Ltd. ("Western Canada Heat") challenging the Court's personal jurisdiction over both parties (doc. 15). This case is consolidated with an earlier case by the same Plaintiff, WCR, Incorporated ("WCR") against Defendant Western Canada Plate Exchanger ("Western Canada Plate") (doc. 46). In the case against Defendants Western Canada Heat and Earl Strohschein, this Court met with counsel for both sides in a status conference on December 9, 2020 at 10:00am. Following a ruling on a discovery motion[1] (doc. 48) in the case against Defendant Western Canada Plate, this Court held a second status conference. At the outset of this status conference, the Court planned to merely set a date for an evidentiary hearing on the personal

---

[1] Judge Sharon L. Ovington recently ruled on a Motion to Compel (doc. 48) filed by Plaintiffs against Defendant Western Canada Plate. Judge Ovington's Order (1) requires Western Canada Plate appear for a remote-video deposition pursuant to Fed. R. Civ. P 30(b)(6) with or without Western Canada Plate's counsel present in Canada; (2) denies WCR's requests as to ordering complete answers to WCR's Requests for Admission and WCR's Interrogatories because they are directed solely at Western Canada Plate; and (3) orders WCR to direct their discovery inquiries towards Western Canada Heat and Earl Strohschein as they are better sources for the information that WCR seeks.

jurisdiction issue regarding Defendants Western Canada Heat and Earl Strohschein. However, during this conference, Defendants' counsel raised an objection to proceeding with merits discovery in the deposition of Defendant Earl Strohschein. Defendants' counsel requested that Strohschein's deposition be limited to personal jurisdictional issues. Having fully considered this matter, the Court finds as follows.

With regard to the claims and defenses related to the Western Canada Plate entity, discovery shall proceed without limitation other than those set forth in the Rule 26 of the Federal Rules of Civil Procedure, as ordered by Judge Ovington (doc. 48). Because there is an outstanding question regarding personal jurisdiction over Defendants Western Canada Heat and Earl Strohschein, discovery as to the claims asserted against them is limited to the issue of personal jurisdiction. Insofar as there are concerns regarding the capacity to which any witness is testifying, it is counsel's responsibility to navigate these concerns and clarify the record. The Court understands that there may be a potential of overlap, but if the discovery sought is within the bounds of discovery relevant to the claims and defenses between Plaintiff WCR and Western Canada Plate, such discovery is appropriate at this time.

Further discovery disputes in both cases involved in the consolidated matters are **REFERRED** to Magistrate Judge Sharon L. Ovington. Parties shall promptly contact Judge Ovington's chambers regarding any disputes.

This case is set for a hearing on the jurisdiction issue on **March 3, 2021 at 9:00 a.m**. Relevant discovery shall be completed sufficiently in advance of the hearing so that the jurisdictional issue can then be addressed on the merits.

**IT IS SO ORDERED.**

Date:  December 24, 2020                    s/ Michael J. Newman
                                                                                     Michael J. Newman
                                                                                     United States District Judge